# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

ISSAC CHARLESTON                          CIVIL ACTION NO.   5:18-0839

VERSUS                                    JUDGE TERRY DOUGHTY

RONNIE RICHARDSON                         MAG. JUDGE MARK L. HORNSBY

## RULING

Pending before the Court is Defendant Ronnie Richardson's ("Richardson") Motion for Summary Judgment [Doc. No. 6].   Richardson moves the Court for dismissal of Plaintiff Issac Charleston's ("Charleston") claims on the basis that he failed to exhaust his administrative remedies.   Charleston filed an opposition memorandum.   [Doc. No. 9].   Richardson did not file a reply memorandum.

For the following reasons, Richardson's motion is DENIED.

## I.      ALLEGED FACTS AND PROCEDURAL BACKGROUND

This is a civil rights suit, arising out of Charleston's incarceration at Sabine Parish Detention Center ("SPDC").   Charleston brought suit against Richardson, who, as Sheriff of Sabine Parish, is charged with the safekeeping of prisoners in the SPDC.   Charleston alleges that he received medical treatment prior to his transfer to SPDC, and he had a form showing his medically necessary scheduled follow-up visits. However, Charleston contends that SPDC failed to provide the medical treatment, even after he filled out medical requests.

SPDC has an ARP Policy, which was adopted on July 6, 2013.   The Sheriff's Department also has a similar grievance procedure.   While incarcerated at the SPDC as an inmate of the

Louisiana Department of Corrections, Charleston was subject to the ARP Policy. Charleston was incarcerated at SPDC from August 23, 2017, to May 24, 2018. Richardson contends that Charleston did not file an ARP or a grievance about SPDC's failure to provide medical treatment.

On June 6, 2018, at a time he was not incarcerated, Charleston brought suit against Richardson in the Eleventh Judicial District Court for the Parish of Sabine, State of Louisiana.

On June 25, 2018, Richardson removed the case to this Court.

On October 12, 2018, Richardson filed the instant Motion for Summary Judgment, contending that Charleston's federal and state law claims should be dismissed for failure to exhaust his administrative remedies.

On November 1, 2018, Charleston timely filed an opposition memorandum.

Richardson did not file a reply, and the time to do so has now passed, and this matter is ripe for the Court's consideration.

## II.     LAW AND ANALYSIS

### A.     Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache*

*Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

**B.      Prison Litigation Reform Act**

Richardson moves the Court for summary judgment on Charleston's federal civil rights claims, contending that he failed to exhaust his administrative remedies, and he is now time barred from doing so. Charleston responds that he is not subject to the provisions of the Prison Litigation Reform Act because he was not incarcerated at the time that he filed this lawsuit. Accordingly, he was not required to exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Under the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). If the PLRA is applicable, exhaustion is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion

in their complaints." *Jones*, 549 U.S. at 216.

However, Charleston argues that he was not incarcerated or detained in any facility at the time he filed this lawsuit, and, thus, he is not subject to the PLRA's exhaustion requirement. Richardson did not respond to this argument.

One of our sister courts has surveyed the law and stated as follows:

> Every circuit court to consider this issue has held that the PLRA's exhaustion provision does not apply to individuals who had already been released at the time of filing. *See Lesene v. Doe*, 712 F.3d 584 (D.C.Cir. 2013); *Talamantes v. Leyva*, 575 F.3d 1021 (9th Cir. 2009); *Cofield v. Bowser*, 247 F. App'x. 412 (4th Cir.2007); *Norton [v. City of Marietta, OK,*] 432 F.3d 1145 (10th Cir. 2005); *Nerness v. Johnson*, 401 F.3d 874 (8th Cir. 2005); *Ahmed v. Dragovich*, 297 F.3d 201 (3rd Cir. 2002); *Greig v. Goord*, 169 F.3d 165 (2nd Cir. 1999). Further, although the Fifth Circuit has yet to rule on the applicability of the exhaustion provision in particular, it has held that that the PLRA's attorney's fees cap does not apply to individuals who were not incarcerated at the time of filing. *Janes v. Hernandez*, 215 F.3d 541, 543 (5th Cir.2 000) ("We agree with the Eighth and Seventh Circuits which have held that this Act applies to only those suits filed by prisoners."). Like the exhaustion provision, the attorney's fees cap pertains to any action brought by "a prisoner who is confined to any jail, prison, or other correctional facility." 42 U.S.C. § 1997e(d). A single definition of "prisoner" applies to both the attorney's fees provision and the exhaustion requirement. Accordingly, both provisions bind only currently incarcerated or detained individuals.

*Caddell v. Livingston*, No. 4:14-CV-3323, 2015 WL 1247003, at *2 (S.D. Tex. Mar. 17, 2015).

Given the plain language of the PLRA and the weight of this persuasive authority, which Richardson has failed to counter at all, the Court finds that Charleston was not a prisoner at the time he filed suit, and the exhaustion requirements of the PLRA cannot bar Charleston's federal civil rights claims. To this extent, Richardson's Motion for Summary Judgment is DENIED.

## C. State Law Claims

Charleston also asserted state law claims against Richardson, contending that he violated Charleston's civil rights under state law and was negligent under several theories. Richardson

also moves for summary judgment on these claims. He contends that Charleston was required to exhaust his administrative procedures under state law.

Under Louisiana Revised Statute 15:1172(B)(1), "[a]n offender shall initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained." Further, "[i]f an offender fails to timely initiate or pursue his administrative remedies within the deadlines established in Subsection B . . ., his claim is abandoned, and any subsequent suit asserting such a claim shall be dismissed with prejudice." La. Rev. Stat. 15:1172(C). However, "[i]f at the time the petition is filed the administrative remedy process is ongoing but has not yet been completed, the suit shall be dismissed without prejudice." *Id.*

Richardson attaches an affidavit of Assistant Warden Ricky Harrell ("Harrell"), who attests that Charleston failed to initiate any grievance, and, therefore, his state law claims should be dismissed. He further submits that they should be dismissed with prejudice because the ninety-day period has passed, and he cannot exhaust now.

Charleston responds that Harrell's affidavit does not address how the grievance policies and procedures were made available to him, nor is there any other evidence regarding any attempts to comply with the procedures or the adequacy of the procedure. Charleston moves the Court, pursuant to Rule 56(d), to deny the motion at this time as premature and to allow discovery to proceed.

Rule 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

5

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Assuming *arguendo* that the state statutory provisions bar unexhausted state law claims of civil rights violations and negligence by a former "offender," the Court agrees with Charleston that the motion is premature.   Accordingly, Richardson's Motion for Summary Judgment on Charleston's state law claims is denied at this time, subject to re-urging once discovery is complete.[1]

## III.        CONCLUSION

For the foregoing reasons, Richardson's Motion for Summary Judgment [Doc. No. 6] is DENIED.   The motion is denied on the merits as to Charleston's federal civil rights claims and may not be re-urged.   The motion is denied as premature as to Charleston's state law civil rights and negligence claims.   Richardson may re-urge his motion, if appropriate, as to Plaintiff's state law claims following the completion of discovery.

MONROE, LOUISIANA, this 20th day of November, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[1] If and when a second dispositive motion is filed, the parties should address both the applicability of the state statutory provisions when an "offender" has been released and, factually, whether Charleston fully exhausted his administrative remedies.